Gustavo Ponce, Esq.
Nevada Bar No. 15084
Mona Amini, Esq.
Nevada Bar No. 15381
**KAZEROUNI LAW GROUP, APC**
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523
E-mail: gustavo@kazlg.com
E-mail: mona@kazlg.com

*Attorneys for Plaintiff,*
*Becky Borden*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BECKY BORDEN,<br><br>          Plaintiff,<br><br>   vs.<br><br>AMERASSIST A/R SOLUTIONS, INC.,<br><br>          Defendant. | Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § § 1692, ET SEQ. (FDCPA)**<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Plaintiff Becky Borden ("Plaintiff"), through counsel, brings this action to challenge the actions of AmerAssist A/R Solutions, Inc. ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, causing Plaintiff to suffer damages.

3. Plaintiff makes these allegations on information and belief, with the exception of allegations made by Defendant that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Nevada.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

**JURISDICTION AND VENUE**

8.  Jurisdiction of this Court arises out of federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k.

9.  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* (the "FDCPA" or the "Act").

10. Defendant is subject to personal jurisdiction in Nevada because it conducts business in Nevada and within this judicial district.

11. Venue is proper pursuant to 28 U.S.C. § 1391 because all of the events giving rise to this lawsuit occurred in Clark County, Nevada.

**PARTIES**

12. Plaintiff is a natural person who resides in Clark County, Nevada, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff.

13. Plaintiff is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

14. Defendant is a Nevada corporation organized in the State of Nevada and regularly conducts business in the State of Nevada.

15. Defendant uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts and regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Plaintiff allegedly incurred financial obligations (the "Debt") to an original creditor, Deer Springs Dentistry and Orthodontics ("Deer Springs") that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, arising from a transaction which was primarily for personal,

family, or household purposes; and therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18. Sometime after incurring this financial obligation to Deer Springs, Defendant claims Plaintiff fell behind in the payment(s) allegedly owed on the Debt.

19. Between December 1, 2020, and March 16, 2021, Plaintiff made payments toward the Debt to Deer Springs.  By March 16, 2021, Plaintiff had paid the Debt in full.

20. On or about March 24, 2021, Defendant emailed Plaintiff attempting to collect the Debt. Defendant's email constituted a debt collection "communication" as that term is defined by 15 U.S.C. § 1692a(2).

21. Defendant's March 24, 2021 email attempted to collect money from Plaintiff even though the Debt had already been paid in full.

22. Defendant was not entitled to attempt to collect the amount of money sought in the March 24, 2021, email because the Debt had already been paid in full.

23. Defendant was not authorized to engage in collection activities or attempt to collect money from Plaintiff which it was not entitled to when Defendant emailed Plaintiff on March 24, 2021.

24. Defendant knew or should have known that it was not entitled to the money it sought to collect from Plaintiff.

25. On or about March 25, 2021, Plaintiff emailed Defendant a response and provided Defendant further notice that the Debt had already been paid in full.

26. Through the above conduct and communication to Plaintiff, Defendant violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by making false representations to Plaintiff regarding the character, amount, or legal status of the Debt it claimed to be owed.

27. Through the above conduct and communication to Plaintiff, Defendant violated 15 U.S.C. § 1692e and § 1692e(10) of the FDCPA by using false, deceptive, and misleading representations and means in connection with the collection of

an alleged debt.

28. Through the above conduct and communication to Plaintiff, Defendant also violated 15 U.S.C. § 1692f by engaging in unfair or unconscionable means to collect or attempt to collect an alleged debt from Plaintiff.

29. In addition, through the above-alleged conduct, Defendant also violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law.

30. Defendant reported the Debt as unpaid on Plaintiff's Experian and Trans Union credit reports even though the Debt had been paid in full since March 16, 2021.

31. On or about March 27, 2021, Plaintiff emailed Defendant once more because in its attempts to collect the Debt from Plaintiff, Defendant reported the Debt on Plaintiff's Experian and Trans Union credit reports as unpaid and delinquent, and continued to do so even after Plaintiff explained to Defendant she had already paid the Debt in full and had zero outstanding balance.

32. Defendant willfully continued reporting the Debt as unpaid on Plaintiff's credit reports in attempt to collect upon the Debt despite Defendant's knowledge and additional notice directly from Plaintiff that the Debt had been paid in full since March 16, 2021 and the account giving rise to the alleged Debt had a zero balance.

33. At the time Defendant reported the Debt to Plaintiff's credit report(s), Defendant knew or should have known that the account related to the Debt was paid in full and Defendant was not entitled to the money it attempted to collect from Plaintiff by reporting the Debt and having it placed on Plaintiff's credit report because Plaintiff had already paid the Debt and Plaintiff also put Defendant on notice herself that the Debt was paid in full and she had zero balance outstanding.

34. Through the above conduct, Defendant violated 15 U.S.C. § 1692e(2)(A) of the FDCPA by making false representations to Plaintiff regarding the character,

amount, or legal status of the Debt it claimed to be owed.

35. Through the above conduct, Defendant violated 15 U.S.C. § 1692e and § 1692e(10) of the FDCPA by using false, deceptive, and misleading representations and means in connection with the collection of an alleged debt.

36. Through the above conduct, Defendant also violated 15 U.S.C. § 1692e(8) of the FDCPA by communicating credit information related to Plaintiff and the Debt which Defendant knew, or should have known, to be false.

37. Through the above conduct, Defendant also violated 15 U.S.C. § 1692f by engaging in unfair or unconscionable means to collect or attempt to collect an alleged debt from Plaintiff.

In addition, through the above-alleged conduct, Defendant also violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law.

38. Plaintiff has suffered injury-in-fact and concrete harm attributable to Defendant's collection activities as Plaintiff was confused, misled, suffered stress, and frustration, and Plaintiff's creditworthiness was negatively impacted due to Defendant's collection attempts associated with the Debt.

39. Through the above-mentioned conduct, Defendant engaged in debt collection activity constituting various violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* (the "FDCPA" or the "Act").

## CAUSES OF ACTION

### COUNT I
### THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692, ET SEQ. (FDCPA)

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above cited provisions.

42.   As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

•   An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

•   An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

•   An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and

•   Any and all other relief that this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

43.   Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

DATED this 10th day of September 2021.

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: /s/ Gustavo Ponce
GUSTAVO PONCE, ESQ.
MONA AMINI, ESQ.
6069 S. FORT APACHE ROAD, SUITE 100
LAS VEGAS, NV 89148
*Attorneys for Plaintiff*